**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | | |
|---|---|---|
| GENTLE LASER SOLUTIONS, INC., LIBERTY MED SPA, INC., and KEVIN T. CAMPBELL, | : : : : | Civil Action No. 06-665(NLH) |
| Plaintiffs, | : : | **OPINION** |
| v. | : : | |
| SONA INTERNATIONAL CORP., SONA LASER CENTERS, INC., THOMAS R. NOON, DENNIS R. JONES COOKIE JONES, JAMES H. AMOS, JR., HEATHER ROSE, CAROUSEL CAPITAL, INC., CYNOSURE, INC. and JOHN DOE #1, in his capacity as Personal Representative and/or Executor of the Estate of HORACE W. FURUMOTO, Deceased. | : : : : : : : : : : | |
| Defendants. | : | |

**APPEARANCES:**

Ely Goldin, Esquire
20 Kings Highway West
Haddonfield, NJ 08033
*Attorney for Plaintiffs*

Susan M. Verbonitz, Esquire
Weir & Partners
1339 Chestnut Street
Suite 500
The Widener Building
Philadelphia, PA 19107
   And
Richard A. Johnston, Esquire (admitted *pro hac vice*)
Wilmer Cutler Pickering Hale and Dorr LLP
60 State Street
Boston, MA 02109
*Attorneys for Defendants Cynosure, Inc. and the Estate of Horace W. Furumoto, Deceased*

**HILLMAN, District Judge**

Before the Court is plaintiffs' motion for reconsideration filed on July 7, 2008, of this Court's Order entered on June 19, 2008, granting in part and denying in part defendants' motion to dismiss. For the reasons explained below, plaintiffs' motion is denied.

**A.   Standard for Motion for Reconsideration**

In the District of New Jersey, Local Civil Rule 7.1(i) governs motions for reconsideration. Bowers v. Nat'l. Collegiate Athletics Ass'n., 130 F.Supp.2d 610, 612 (D.N.J. 2001).

Local Civil Rule 7.1(i) states:

> A motion for reconsideration shall be served and filed within 10 business days after the entry of the order or judgment on the original motion by the Judge or Magistrate Judge. A brief setting forth concisely the matter or controlling decisions which the party believes the Judge or Magistrate Judge has overlooked shall be filed with the Notice of Motion. Unless the Court directs otherwise, any party opposing a motion for reconsideration shall file and serve a brief in opposition within seven business days after service of the moving party's Notice of Motion and Brief. No oral argument shall be heard unless the Judge or Magistrate Judge grants the motion and specifically directs that the matter shall be argued orally.

Local Civil Rule 7.1(i) permits a party to seek reconsideration by the Court in matters "which [it] believes the Court has overlooked" when it ruled on the motion. See NL Industries, Inc. v. Commercial Union Insurance, 935 F.Supp. 513,

515 (D.N.J. 1996). The standard for reargument is high and reconsideration is to be granted only sparingly. See United States v. Jones, 158 F.R.D. 309, 314 (D.N.J. 1994). The movant has the burden of demonstrating either: "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court [issued its order]; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." Max's Seafood Café v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999)(citing N. River Ins. Co. v. CIGNA Reinsurance Co., 52 F.3d 1194, 1218 (3d Cir. 1995)). The Court will grant a motion for reconsideration only where its prior decision has overlooked a factual or legal issue that may alter the disposition of the matter. U.S. v. Compaction Sys. Corp., 88 F.Supp.2d 339, 345 (D.N.J. 1999). "The word 'overlooked' is the operative term in the Rule." Bowers, 130 F.Supp.2d at 612 (citation omitted); see also Compaction Sys. Corp., 88 F.Supp.2d at 345.

Ordinarily, a motion for reconsideration may address only those matters of fact or issues of law which were presented to, but not considered by, the court in the course of making the decision at issue. See SPIRG v. Monsanto Co., 727 F.Supp. 876, 878 (D.N.J.), aff'd, 891 F.2d 283 (3d Cir. 1989). Thus, reconsideration is not to be used as a means of expanding the record to include matters not originally before the court.

Bowers, 130 F.Supp.2d at 613; Resorts Int'l. v. Greate Bay Hotel and Casino, Inc., 830 F.Supp. 826, 831 n. 3 (D.N.J. 1992); Egloff v. New Jersey Air National Guard, 684 F.Supp. 1275, 1279 (D.N.J. 1988).  Absent unusual circumstances, a court should reject new evidence which was not presented when the court made the contested decision.  See Resorts Int'l, 830 F.Supp. at 831 n. 3. A party seeking to introduce new evidence on reconsideration bears the burden of first demonstrating that evidence was unavailable or unknown at the time of the original hearing.  See Levinson v. Regal Ware, Inc., No. 89-1298, 1989 WL 205724, at *3 (D.N.J. Dec. 1, 1989).

Moreover, L.Civ.R. 7.1(i) does not allow parties to restate arguments which the court has already considered.  See G-69 v. Degnan, 748 F.Supp. 274, 275 (D.N.J. 1990).  Thus, a difference of opinion with the court's decision should be dealt with through the normal appellate process.  Bowers, 130 F.Supp.2d at 612 (citations omitted); Florham Park Chevron, Inc. v. Chevron U.S.A., Inc., 680 F.Supp. 159, 162 (D.N.J. 1988); see also Chicosky v. Presbyterian Medical Ctr., 979 F.Supp. 316, 318 (D.N.J. 1997); NL Industries, Inc. v. Commercial Union Ins. Co., 935 F.Supp. 513, 516 (D.N.J. 1996) ("Reconsideration motions ... may not be used to re-litigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment.").  In other words, "[a] motion for

4

reconsideration should not provide the parties with an opportunity for a second bite at the apple." Tishcio v. Bontex, Inc., 16 F.Supp.2d 511, 533 (D.N.J. 1998) (citation omitted).

### 1.   10 Day Procedural Requirement

The first requirement under Local Rule 7.1(i) is that the motion "... be served and filed within 10 business days after the entry of the order or judgment on the original motion by the Judge or Magistrate Judge." See Local Rule 7.1(i).  Here, the Order was entered on June 19, 2008.  Plaintiffs' motion for reconsideration should have been filed within 10 business days, or by July 3, 2008.  Plaintiffs did not file their motion until July 7, 2008.[1]

A district court may deny a motion for reconsideration simply because it was filed beyond the 10 days provided by Rule 7.1(i).  U.S. ex rel. Malloy v. Telephonics Corp., 68 Fed. Appx. 270, 274 n.6 (3d Cir. 2003) (affirming district court, which denied motion for reconsideration on the basis that the plaintiff waited seven months to file it); XL Specialty Ins. Co. v. Westmoreland Coal Co., 2006 WL 2241517, *2 (D.N.J. Aug. 4, 2006)(citing T.H. and K.H. v. Clinton Twp. Bd. of Education, 2006 WL 1722600 (D.N.J. 2006); Morris v. Siemens Components, Inc., 938 F. Supp. 277, 278 (D.N.J. 1996))(denying motion for

---

[1] The filing on July 7, 2008, is one business day late because July 4, 2008, was a national holiday and the Court was closed.  See Fed.R.Civ.P. 6(a)(4).

reconsideration where defendant filed its motion three months after the court's judgment, and failed to offer an explanation regarding why it failed to file its motion in a timely fashion, or make any request for an extension of time to file the motion beyond the ten-day limitation period).

Because plaintiff's motion for reconsideration was untimely, it could be denied on that ground.  However, even if plaintiffs timely filed their motion, their motion is denied on the merits.

**2.  Motion for Reconsideration**

Plaintiffs argue that this Court applied a heightened pleading standard to their complaint in contravention of Rule 8(a).  Particularly, plaintiffs take issue with the Court's conclusion that they failed to adequately plead that defendants Cynosure and Furumoto effectively controlled the Sona entities[2] under New Jersey's Franchise Practices Act.  Plaintiffs cite to and discuss the Supreme Court's decision in <u>Bell Atlantic v. Twombly</u>, 127 S. Ct. 1955 (2007), in support of their motion.

Plaintiffs' arguments do not met the standard for a motion for reconsideration since they fail to demonstrate "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court [issued its

---

[2] Former defendants Sona International Corp., Sona Laser Centers, Inc., Thomas R. Noon, Dennis R. Jones, Cookie Jones, James H. Amos, Jr., Heather Rose, and Carousel Capital, Inc., were referred to collectively as the "Sona entities" or "Sona".

order]; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." Max's Seafood Café, 176 F.3d at 677. Rule 8(a) was relied upon by the Court in its Opinion regarding the proper standard in assessing a motion to dismiss. The Court did not apply a heightened pleading standard but rather cited directly to and relied upon Rule 8(a) in making its determination.[3] Also, plaintiffs' discussion of Twombly is not evidence of "an intervening change in the controlling law," since Twombly was decided before this Court's Opinion and the Court cited directly to Twombly in its recitation of the standard applied to motions to dismiss as well as cited to and relied upon it in other parts of the Opinion. See Op. at 6, 14 n.7, and 28.

---

[3] In its Opinion, the Court wrote:

> Although notice pleading under Rule 8(a) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief," in order to "give the defendant fair notice of what the ... claim is and the grounds upon which it rests," the allegations made by plaintiffs, assumed to be true, do not provide a set of facts that if proven could show that defendants "effectively controlled" Sona because they lack the element of active participation. The three allegations at best indicate a "passive" role played by Cynosure in that it had a position on the board of directors, had an equity stake and was a shareholder. Op. at 14-15.
>
> These allegations do not suggest that defendants had an active role in Sona, and do not give defendants fair notice of a claim of active participation. At best, the allegations suggest it was conceivable for defendants to have exercised some active participation; however, the alleged facts do not suggest that it was plausible. See Twombly, 127 S.Ct. at 1974 (finding that plaintiffs had not "nudged their claims across the line from conceivable to plausible.").

7

The thrust of plaintiffs' motion is that they disagree with the Court's conclusion that they failed to plead facts that could suggest that defendants Cynosure or Furumoto actively participated in the management of Sona or that defendants directed the policies of Sona under the New Jersey Franchise Practices Act.[4]  See Phillips v. County of Allegheny, 515 F.3d 224, 234 (3d Cir. 2008) (stating that the "Supreme Court's Twombly formulation of the pleading standard can be summed up thus: 'stating ... a claim requires a complaint with enough factual matter (taken as true) to suggest' the required element. This 'does not impose a probability requirement at the pleading stage,' but instead 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of' the necessary element").  Plaintiffs restate their argument made in their complaint and reargue that pleading a lesser level of participation, a passive role, is adequate to suggest that defendants actively controlled Sona.  The Court rejected this argument and concluded that plaintiffs did not plead facts that could suggest - or raise a reasonable expectation that discovery would reveal - that defendants had an active role.  See Op. at 12-15.

---

[4] Applying the standard under Rule 8(a), the Court concluded, "Plaintiffs have not plead any facts that suggest that Cynosure or Furumoto actively participated in the management of Sona or that they directed the policies of Sona." Op. at 15.

A motion for reconsideration does not permit parties to restate arguments that the Court has already considered and rejected. See Degnan, 748 F.Supp. at 275; Bowers, 130 F.Supp.2d at 612 (stating that a difference of opinion with the court's decision should be dealt with through the normal appellate process). Plaintiffs' motion for reconsideration does not met the standard and, therefore, is denied.

Alternatively, plaintiffs ask the Court, in their motion for reconsideration, for leave to file a second amended complaint since they now have the benefit of the Court's decision as to the proper standard to be applied to show "effective control" over a corporation under the New Jersey Franchise Practices Act. A request for leave to file an amended complaint is not made by motion for reconsideration. If plaintiffs wish to file a second amended complaint, they must file a motion for leave to file a second amended complaint pursuant to Fed.R.Civ.P. 15.

**B. Conclusion**

For the foregoing reasons, plaintiffs' motion for reconsideration is denied. An Order consistent with this Opinion will be entered.

                                                   s/Noel L. Hillman
                                                   NOEL L. HILLMAN, U.S.D.J.

At Camden, New Jersey